IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRIENDS OF THE EARTH U.S.,** et. al, <br><br> *Plaintiffs*, <br><br> v. <br><br> **EXPORT-IMPORT BANK OF THE UNITED STATES,** et. al., <br><br> *Defendants*. | Civil Action No. 1:25-cv-02235-CJN |

**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND PARTIAL SUMMARY JUDGMENT AND REQUEST FOR EXPEDITED HEARING**

On March 13, 2025, the "acting" Board of Directors of Defendant Export-Import Bank of the United States ("EXIM") unlawfully approved a $4.7 billion loan – one of the largest direct loans in its history – to subsidize a foreign corporation's construction of a massive, highly controversial liquefied natural gas project ("the Project") in Mozambique. This final approval – made by an unlawfully constituted Board, without following the statutory notice and comment requirements, and without considering the economic harms the Project would cause in the U.S. or its dire impacts on local people – was arbitrary and capricious, and violated clear provisions of the Export Import Bank Act of 1945, 12 U.S.C. §§ 635-635t, the Federal Vacancies Reform Act, 5 U.S.C. §§ 3345-49, the National Environmental Policy Act, 42 U.S.C. § 4332, and EXIM's own procedures. Plaintiffs Friends of the Earth U.S. and Justiça Ambiental are non-profit organizations that provide services to, and defend the rights of, people harmed by the Project.

1

Plaintiffs, their members, and the communities they serve have suffered harm due to EXIM's decision and will continue to suffer immediate, irreparable harm.

Pursuant to Federal Rule of Civil Procedure 56 and 65, Plaintiffs hereby move for partial summary judgment enjoining Defendants from releasing any loan funds or further obligating the United States under any loan agreement for the Project, or in the alternative, a preliminary injunction granting the same relief until this Court can finally resolve the merits. The grounds for both a preliminary injunction and summary judgment are set forth in Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion For Preliminary Injunction and Partial Summary Judgment, as well as the accompanying Statement of Undisputed Material Facts and supporting declarations, filed contemporaneously and incorporated here by reference.

As set forth in the memorandum of law, Plaintiffs have established based on undisputable facts that the final approval is unlawful; that they will suffer irreparable harm absent relief; and that the balance of equities and the public interest weigh strongly in favor of a preliminary injunction. Plaintiffs alternatively seek partial summary judgment because the merits of this matter can and should be decided on an expedited basis and on the existing record. If the Court sets an expedited summary judgment schedule and adjudicates that motion quickly, it may moot the need for a separate preliminary injunction. But if the Court needs more time to address Plaintiffs summary judgment motion, it should issue a preliminary injunction to prevent irreparable harms to Plaintiffs.

As the accompanying memorandum of law explains, expedition of this matter is essential to prevent imminent harm to Plaintiffs. Total plans to lift *force majeure* and begin construction this summer, relying on EXIM's unlawful commitment of funds. Pursuant to Local Rule 65.1(d),

Plaintiffs respectfully request that the Court set oral argument on the application for preliminary injunction within 21 days after its filing.

Pursuant to Local Civil Rule 65.1(a), counsel for Plaintiffs asked Defendants' counsel Sam Escher by e-mail for EXIM's position on this motion in advance of filing, but counsel did not yet have a position.

DATE:  July 21, 2025

/s/*Michelle C. Harrison*

Michelle C. Harrison (D.C. Bar No. 1026592)
Richard L. Herz[*]
Tamara A. Morgenthau (D.C. Bar No. 90032827)
Lindsay A. Bailey (D.C. Bar No. 1723447)
EarthRights International
1400 K St. NW Suite 750
Washington, DC 20005
(202) 466 5188
michelle@earthrights.org

*Counsel for Plaintiffs*

---

[*] Based in CT; admitted in NY; does not practice in DC's courts.