## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FRIENDS OF THE EARTH U.S. AND
JUSTIÇA AMBIENTAL,

        Plaintiffs,

    v.

EXPORT-IMPORT BANK OF THE UNITED
STATES *et al.*,

        Defendants,

and

TOTALENERGIES EP MOZAMBIQUE
AREA 1, LIMITADA,

        Defendant-Intervenor.

Case No. 1:25-cv-02235-CJN

### DEFENDANT-INTERVENOR TOTALENERGIES EP MOZAMBIQUE AREA 1, LIMITADA'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs Friends of the Earth U.S. and Justiça Ambiental ("Plaintiffs") have sought the extraordinary relief of preliminarily enjoining disbursements under a nearly $5 billion loan from the Export-Import Bank of the United States ("EXIM") to finance the development of a vast natural gas reserve off the coast of Mozambique.  Even more extraordinarily, Plaintiffs summarily threw into their motion for preliminary injunction, Dkt. 13, a request for expedited summary judgment on their claims.  Summary judgment at this early stage is generally inappropriate in an administrative record-review case such as this one.  (Indeed, EXIM has indicated that it intends to file a motion to stay briefing on Plaintiffs' motion for summary judgment on such grounds.)

Nevertheless, Plaintiffs made the strategic choice to move for summary judgment on their

substantive claims.  At the same time, they failed to meet their burden of proof to establish standing on summary judgment.  Instead of showing any concrete, particularized injury from EXIM's lending, Plaintiffs' primary "injuries" are their claims that they desire more opportunities to provide comments on Bank activities, and their speculation that the EXIM loan will increase terrorist attacks against third parties.  That is insufficient to demonstrate Article III standing. Because Plaintiffs chose to move for summary judgment but failed to meet their burden to demonstrate their Article III standing in that motion, Defendant-Intervenor TotalEnergies EP Mozambique Area 1, Limitada ("TEPMA1") hereby cross-moves for partial summary judgment in favor of TEPMA1 and Defendants due to this Court's lack of subject matter jurisdiction over this case, which in turn requires dismissal under Fed. R. Civ. P. 12(h)(3).

## BACKGROUND[1]

In 2019, EXIM approved a nearly $5 billion loan to finance a project to develop a vast natural gas reserve off the coast of Mozambique.  EXIM amended that loan in March of 2025 to extend the date by which the disbursements previously authorized under the original loan agreement must be completed (the "Amendment").  Four months after the Amendment, on July 21, 2025, Plaintiffs filed a Motion for a Preliminary Injunction and Partial Summary Judgment, seeking emergency relief and expedited summary judgment in an attempt to halt any disbursements by EXIM toward the Project.  Dkt. 13.  TEPMA1 opposed, explaining why Plaintiffs fail to demonstrate any of the required elements necessary to obtain extraordinary preliminary relief, including that Plaintiffs failed to demonstrate they are likely to establish standing.  *See* Dkts. 24-1, 25.

---

[1] TEPMA1 incorporates by reference the Background set forth in greater detail in its Opposition to Plaintiffs' Motion for Preliminary Injunctive Relief, Dkts. 24-1, 25.

Plaintiffs also made an alternative request for expedited summary judgment. In seeking this relief, Plaintiffs did not await the necessary production of the administrative record required before adjudicating their Administrative Procedure Act ("APA") claims on the merits. Instead, to support their request for summary judgment, Plaintiffs rely upon evidence from outside of the record, including declarations addressed to their Article III standing. *See* Dkts. 13-3–13-17.

## ARGUMENT

Plaintiffs' request for summary judgment on the merits of their APA claims is premature prior to the production of the administrative record upon which this record-review case must be decided. But standing is a different matter: Plaintiffs bear the burden of establishing standing on a motion for summary judgment, and have attempted to meet that burden by furnishing declarations attesting to alleged "harms" caused by EXIM's challenged decision. Plaintiffs have failed to discharge their burden of establishing Article III standing on their motion for summary judgment, and summary judgment should therefore be entered against them.

Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The three "irreducible constitutional minimum" elements of standing are (1) "an injury in fact," that is (2) "fairly traceable to the challenged action of the defendant" and (3) "likely" to be "redressed by a favorable decision." *Id*. at 560-61 (internal quotation marks and citation omitted). It is Plaintiffs' burden to prove "each element . . . in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 561. Thus, at summary judgment, a plaintiff "must set forth by affidavit or other evidence specific facts" proving their standing as a matter of law. *Id.* (internal quotation marks omitted); Fed. R. Civ. P. 56; *see also Dep't of Com. v. U.S. House of Reps.*, 525 U.S. 316,

329 (1999) ("To prevail on a [Rule] 56 motion for summary judgment—as opposed to a motion to dismiss—however, mere allegations of injury are insufficient.  Rather, a plaintiff must establish that there exists no genuine issue of material fact as to justiciability or the merits."); *Seed v. EPA*, 100 F.4th 257, 266 (D.C. Cir. 2024) (dismissing appeal for lack of jurisdiction and directing district court to vacate summary judgment and dismiss claim for lack of Article III standing; *Swanson Grp. Mfg. LLC v. Jewell*, 790 F.3d 235, 240 (D.C. Cir. 2015) ("[A]t summary judgment a court will not presume the missing facts necessary to establish an element of standing." (internal quotation marks and citation omitted)).

For the reasons explained in TEPMA1's Opposition to Plaintiffs' Motion for Preliminary Injunctive Relief, incorporated here by reference, Plaintiffs' theories of organizational and third-party standing all fail under well-established precedent.  Dkts. 24-1, 25, at 11-19.  For all of the reasons discussed in TEPMA1's Opposition and incorporated herein, not only can Plaintiffs not meet their burden to show a mere "substantial likelihood of standing," *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015), they cannot meet their higher burden of proving standing as a matter of law for summary judgment, *Lujan*, 504 U.S. at 560; *see* Dkts. 24-1, 25, at 11-19.  On the contrary, the evidence Plaintiffs submitted demonstrates they lack standing.  Dkts. 24-1, 25, at 11-19

With the Plaintiffs having requested summary judgment but failed to meet their burden of demonstrating Article III standing, and because the evidence that they *have* submitted demonstrates why they do *not* possess standing, the Court lacks subject matter jurisdiction.  *See Lujan*, 504 U.S. at 561.  And without jurisdiction, the Court should grant partial summary judgment to Defendants and dismiss this action.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

## CONCLUSION

For the foregoing reasons, the Court should grant partial summary judgment to TEPMA1 and Defendants and dismiss this action under Fed. R. Civ. P. 12(h)(3).


Respectfully submitted,

Dated: August 15, 2025

/s/ Andrew D. Prins
Andrew D. Prins (DC Bar No. 998490)
Stacey L. VanBelleghem (DC Bar No. 988144)
Jonathan L. Williams (DC Bar No. 999708)
Rachael L. Westmoreland* (DC Bar No. 90034032)
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: andrew.prins@lw.com
        stacey.vanbelleghem@lw.com
        jonathan.williams@lw.com
        rachael.westmoreland@lw.com

Nicholas L. Schlossman (DC Bar No. 1029362)
LATHAM & WATKINS LLP
300 Colorado Street, Suite 2400
Austin, TX 78701
Tel:  (737) 910-7300
Fax:  (737) 910-7301
Email: nicholas.schlossman@lw.com

*Application for admission to the U.S. District Court for the District of Columbia pending*

*Attorneys for Defendant-Intervenor TotalEnergies EP Mozambique Area 1, Limitada*