UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDS OF THE EARTH U.S., et al., <br><br> Plaintiffs, <br><br> v. <br><br> EXPORT-IMPORT BANK OF THE UNITED STATES, et al., <br><br> Defendants. | Civil Action No. 25-2235 (CJN) |

## MOTION FOR A PROTECTIVE ORDER

Defendants the Export-Import Bank of the United States ("EXIM" or the "Bank"); James Cruse, in his official capacity as Acting President and Chairman; James Burrows Jr., in his official capacity as Acting First Vice President and Vice Chairman; and Spencer Bachus III, in his official capacity as Member of the Board of Directors; through undersigned counsel, respectfully move for a protective order under Federal Rule of Civil Procedure ("Rule") 26(c). Specifically, Defendants request that the three documents they filed under seal in opposition to Plaintiffs' motion for a preliminary injunction be controlled by the terms of the attached proposed protective order. Counsel for Defendants have conferred with counsel for Plaintiffs and counsel for Intervenor about this motion pursuant to Local Civil Rule 7(m). Intervenor does not oppose this motion. Since Plaintiffs' counsel have not seen the documents at issue, Plaintiffs take no position at this time on the merits of this motion but will do so after reviewing the motion.

Although this case involves nine claims under the Administrative Procedure Act, which generally does not provide for discovery, *see Friends of The Earth v. U.S. Dep't of Interior*, 236 F.R.D. 39, 42 (D.D.C. 2006), "courts have previously approved protective orders to shield portions

of administrative records from public disclosure," *Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 249 F. Supp. 3d 516, 520 (D.D.C. 2017). The Court may enter a protective order for good cause. Fed. R. Civ. P. 26(c). "The 'good cause' standard is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case." *Standing Rock Sioux Tribe*, 249 F. Supp. 3d at 520 (quoting *United States v. Microsoft Corp.*, 165 F.3d 952, 960 (D.C. Cir. 1999)). Ultimately, trial courts have "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Id.* (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

      Here, good cause exists to grant Defendants' motion for a protective order. As discussed in Defendants' motion to seal, which was filed contemporaneously with this motion, Defendants are using two Board Memoranda and an Operative Memorandum to support their opposition to Plaintiffs' motion for a preliminary injunction. The two Board Memoranda were drafted by Bank staff, then presented to Board members before the members decided whether to approve an amendment to the loan at issue in May 2020 and then whether to approve another amendment in March 2025. The Memoranda include summary information on the Project including proprietary and confidential business information, the analyses and opinions of the Bank staff on several issues related to the project, including environmental, economic, social, security, technical, and legal issues, before making a recommendation to the Board members. By comparison, the Operative Memorandum reflects when the transaction was made operative, or in other words, when it was ready for disbursement and the Bank was ready to act on any disbursement requests. It contains details about the terms of the transaction, as well as the names and signatures of those who ultimately signed off on it.

Additionally, all three documents also contain a substantial amount of trade secrets, commercial information, or financial information that is privileged or confidential, which if disclosed would harm the interests of the Project and the Project's sponsors through public disclosure of information such as pricing, equity returns, and other sensitive factors. This type of information routinely falls under an attorneys eyes only protective order. *See, e.g.*, *Alexander v. Fed. Bureau Investigation*, 186 F.R.D. 54, 58 (D.D.C. 1998) (noting that "most cases limiting disclosure of information to attorneys involve trade secret or other proprietary information" before finding "the same rationale applies to information obtained through medical or psychological examinations"). The Board Memoranda also contain sensitive business information that relates to physical security matters in the Project area, and disclosure may harm physical security of individuals and property. The names and signatures of those mentioned in the documents are largely irrelevant.

Defendants, further, have never disclosed these documents to the public, and in these early stages of the litigation, there is no reason to disclose them to anyone other than attorneys who appear for or are retained by the parties. Normally, before the exchange of documentation in any case, be it an APA case or another one, a plaintiff must establish standing, and the Court must ensure itself of jurisdiction. Here, Defendants contest that Plaintiffs have met their burden, as demonstrated by their opposition to Plaintiffs' motion for a preliminary injunction. *See* Defs.' Opp'n Pls.' Mot. Prelim. Inc. at 17-28, ECF No 28. Essentially, by filing a motion for a preliminary injunction and a motion for partial summary judgment, Plaintiffs are trying to put the cart in front of the horse, get access to documentation that they otherwise would not be entitled to, and argue the merits before establishing threshold issues. The Court should not enable this practice.

In light of the posture of the case and the sensitivity of the documents at issue, good cause exists to control their disclosure as proposed by Defendants under the terms of the proposed protective order. Neither Plaintiffs nor any of their experts or consultants need to review the three documents at issue to oppose Defendants' standing arguments; that is any issue best reserved for Plaintiffs' counsel. *D'Onofrio v. SFX Sports Grp., Inc.*, 256 F.R.D. 277, 280 (D.D.C. 2009) (determining that "plaintiff's counsel is in a better position to determine whether the legal bases for withholding these items are appropriate given his training and experience" before granting an attorneys eyes only protective order).

Further, neither Plaintiffs nor any of their experts or consultants need to review the documents at issue for their counsel to respond to Defendants' arguments in opposition to their motion for a preliminary injunction. For example, Defendants argued that Plaintiffs have failed to establish irreparable harm, and "a movant's failure to show any irreparable harm is . . . grounds for refusing to issue a preliminary injunction, even if the other three factors . . . merit such relief." *Clevinger v. Advoc. Holdings, Inc.*, 134 F.4th 1230, 1236 (D.C. Cir. 2025). Neither Plaintiffs nor their experts or consults need the documents at issue for their counsel to respond to Defendants' arguments against irreparable harm—Plaintiffs' counsel are in the best position to articulate their alleged irreparable harm. *Cf. D'Onofrio v. SFX Sports Grp., Inc.*, 256 F.R.D. 277, 280 (D.D.C. 2009) (granting a motion for an attorneys eyes only protective order after noting "there need not be a great deal of harm to justify protecting information when doing so would not prejudice the party who will be prevented from seeing the information"); *Alexander*, 186 F.R.D. at 58 (granting a motion for an attorneys eyes only protective order after noting, "at this stage of the litigation, defendants are unable to demonstrate any actual prejudice from their personal inability to review the information that will be provided by plaintiffs").

In fact, were this case to proceed past the pleadings, certain information in the documents at issue would be exempt from disclosure under normal discovery rules if Defendants chose to assert the privileges contained in them. Fed R. Civ. P. 26(b)(1) (explaining the scope of discovery contains "any nonprivileged matter"). Likewise, that information would be exempt from inclusion in the administrative record in this case if it were to go to the merits and Defendants chose to assert attorney client, work product, and deliberative process privileges. *Cf. Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) ("The District Court correctly observed that predecisional and deliberative documents are not part of the administrative record to begin with, so they do not need to be logged as withheld from the administrative record." (citation modified)).

Thus, under the circumstances, good cause exists to limit disclosure of the three documents at issue to attorneys who appear for or are retained by the parties, under the terms of the proposed protective order. If this case proceeds past the pleadings, Plaintiffs "may challenge the attorneys eyes only designation on any particular documents specifically identified or may file a motion to modify the protective order should circumstances require the modification of the order." *Alexander*, 186 F.R.D. at 58 (citation modified); *see also Am. Fed'n of Gov't Emps., AFL-CIO v. Trump*, Civ. A. No. 25-3698, 2025 WL 2017883, at *6 (N.D. Cal. July 18, 2025) ("Notwithstanding the Court's finding that the information at issue is of grave public concern, at this still-early stage of the case, the Court will grant defendants' request for a protective order that limits distribution of the [deliberative process documents] to plaintiffs' counsel and the Court only.").

For the reasons above, the Court should grant Defendants' motion for a protective order.

\*   \*   \*

Date:  August 15, 2025
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:     */s/ Sam Escher*
      SEAN TEPE, D.C. Bar #1001323
      SAM ESCHER, D.C. Bar #1655538
      Assistant United States Attorneys
      601 D Street, NW
      Washington, DC 20530
      (202) 252-2533
      Sean.Tepe@usdoj.gov
      (202) 252-2531
      Sam.Escher@usdoj.gov

*Attorneys for the United States of America*