UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDS OF THE EARTH U.S., et al.,<br><br>      Plaintiffs,<br><br>      v.<br><br>EXPORT-IMPORT BANK OF THE UNITED STATES, et al.,<br><br>      Defendants. | Civil Action No. 25-2235 (CJN) |

## [PROPOSED] PROTECTIVE ORDER

This action will likely include the exchange of information claimed by a party or non-party to be Protected Attorneys Eyes Only Material (as defined herein). To permit the parties to disclose information relevant to this case without disclosing Protected Attorneys Eyes Only Material to the public while avoiding waivers of potential privileges, pursuant to Federal Rule of Civil Procedure ("Rule") 26, it is hereby ORDERED:

1.  "Protected Attorneys Eyes Only" material as used herein means information the disclosure of which to or by the receiving party would, in the good faith belief of the producing party, result in the disclosure of one or more of the following categories of information: (i) proprietary and or confidential commercial and security information in the possession, custody, or control of the parties regarding third parties within the meaning of Rule 26(c)(1)(G) to which the non-governmental parties to this case do not currently have access; (ii) information that the parties are prohibited from releasing publicly pursuant to contracts with others, or pursuant to applicable statutes, regulations, or directives; or (iii) information exempt from disclosure pursuant to an applicable legal privilege. Subject to the provisions of this Order, information produced will

be deemed Protected Attorneys Eyes Only Material when so designated in the manner described in this Order.

2. The designation of Protected Attorneys Eyes Only Material may be made by the producing party or third-party by placing or affixing prominently on produced documents the words "SUBJECT TO PROTECTIVE ORDER - ATTORNEYS EYES ONLY," indicating the proprietary, sensitive, or confidential nature of the documents. Any party or third-party may also designate as Protected Attorneys Eyes Only Material any documents, information, or material previously received or exchanged in this action or any administrative processes that preceded it. Any electronically stored information, including electronically stored information produced in native file format, may be designated Protected Attorneys Eyes Only Material or by affixing a label on the tape or disk consistent with the above or by embedding a "SUBJECT TO PROTECTIVE ORDER - ATTORNEYS EYES ONLY" legend within the filename or electronic file so long as such legend does not obscure the electronically stored information being designated.

3. Any summary, extract, paraphrase, quotation, restatement, compilation, notes, exhibit, or copy containing Protected Attorneys Eyes Only Material, or any electronic image or database containing Protected Attorneys Eyes Only Material, will be subject to the terms of this Order to the same extent as the material or information from which such summary, extract, paraphrase, quotation, restatement, compilation, notes, exhibit, copy, electronic image, or database is derived.

4. All materials produced or exchanged by the parties and third parties in this case and designated by the producing party or third-party as containing Protected Attorneys Eyes Only Material will also be subject to the terms of this Protective Order.

5. Testimony regarding Protected Attorneys Eyes Only Material taken at a hearing may be designated as Protected Attorneys Eyes Only Material, respectively, by counsel for the party or third-party that produced the underlying Protected Attorneys Eyes Only Material or by counsel of a party to protect the interests of a party or a third-party by making a statement to that effect on the record at the hearing or in writing no later than thirty days after receipt of the final transcript of the hearing. Arrangements must be made with the Court for treatment of any such hearing. Arrangements must also be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcripts containing Protected Attorneys Eyes Only Material and to label such portions appropriately. Persons other than persons authorized to receive access to Protected Attorneys Eyes Only Material will be excluded from attendance during portions of hearings in this matter at which such Protected Attorneys Eyes Only Material is shown or discussed.

6. All counsel of record receiving copies of documents, transcripts, responses to written questions, or any other material or information designated as Protected Attorneys Eyes Only Material must maintain such Protected Attorneys Eyes Only Material in their possession in a manner sufficient to protect such material against unauthorized disclosure.

7. Protected Attorneys Eyes Only Material will be used solely for the purpose of conducting litigation in this action, including settlement and appeals, and not for any business or other purpose whatsoever by any person having access to such material.

8. Protected Attorneys Eyes Only Material and any copies thereof, and notes made therefrom, may be disclosed only (i) to attorneys who appear for or are retained by the parties in the above-captioned litigation, (ii) to the Court and its personnel, or (iii) to court reporters incident to the performance of transcription services provided in the case.

9. Subject to order of the Court, any material marked as Protected Attorneys Eyes Only, to include that portion of any document submitted or presented to or filed with the Court containing Protected Attorneys Eyes Only Material, must be placed under seal and will not be available to persons other than the Court and authorized employees of the Court, the attorneys who appear for or are retained by the parties, and persons authorized by this Protective Order. The filing of materials designated under this order will conform with Local Civil Rule 5.4(f) and the Court's "Notice Regarding Privacy and Public Access to Electronic Case Files."

10. Counsel will endeavor to avoid revealing Protected Attorneys Eyes Only Material in any oral hearings before the Court. If any counsel finds it necessary to refer to Protected Attorneys Eyes Only Material in any such oral hearings, counsel must notify the Court and all other counsel of record as soon as such necessity becomes apparent and propose whatever mechanisms may be available and appropriate to prevent disclosure of Protected Attorneys Eyes Only Material as a consequence of such oral hearings to persons other than those authorized by this Order.

11. Further, in the event that any Protected Attorneys Eyes Only Material is used in any Court proceeding herein, the parties will attempt to further stipulate as to the procedures for use of Protected Attorneys Eyes Only Material in Court proceedings. If necessary, any dispute regarding the procedures for use of Protected Attorneys Eyes Only Material in Court proceedings will be submitted to the Court for resolution.

12. Nothing in the foregoing provisions of this Protective Order will be deemed to preclude the parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or from seeking and obtaining leave to disclose documents or other material beyond the terms of this Protective Order.

13. Nothing in the foregoing provisions of this Protective Order will be deemed to preclude the parties from objecting to the designation of documents or other material as Protected Attorneys Eyes Only Material. Such objection must be made in writing and must state the basis of the objection. The parties will endeavor to avoid piecemeal objections to a production.

    a. Within thirty days of any such objection, the parties shall attempt in good faith to resolve any disagreement concerning the designation. If no agreement is reached, the objecting party may file a motion or take pre-motion actions consistent with the Court's scheduling and standing orders regarding that objection and requesting the Court to determine that the designation is improper. On any such motion, the party claiming protection shall bear the burden of demonstrating the confidentiality of the designated material under the terms of this Protective Order. The documents shall be treated as originally designated until the Court rules on such motion.

14. Within ninety days after the final conclusion of the litigation of this action, including the final resolution of any appeals (or the expiration of the time in which to notice an appeal if no appeal is taken), the parties will undertake reasonable and prudent efforts to destroy or return to the producing party all Protected Attorneys Eyes Only Material.

15. In the event of a disclosure of Protected Attorneys Eyes Only Material to a person not authorized to have had such disclosure made to him or her under the provisions of this Protective Order, and in the event the party responsible for having made or allowed such disclosure becomes aware of such disclosure, that party must immediately inform counsel for the party whose Protected Attorneys Eyes Only Material has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party must also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of

the Protected Attorneys Eyes Only Material is made by anyone.

16. By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

17. Pursuant to Federal Rule of Evidence ("FRE") 502(b) and Rule 26(b)(5)(B), on demand, a party must return to a producing party any material that the producing party identifies as privileged material that has inadvertently been produced in this action. The return of the documents does not eliminate the receiving party's right to challenge such designation by motion to compel or otherwise.

18. Nothing contained herein restricts the parties' use of their own records for official business or for other purposes consistent with other applicable laws and regulations.

19. Nothing contained herein restricts any party's rights to provide, discuss, show, make available, or otherwise communicate information (including documents) that the parties have obtained or will obtain through means outside this action consistent with other applicable laws, regulations, and other agreements regarding the use of the same.

20. This Order is without prejudice to the rights of any party to make any objection permitted by the Rules, or by any statute or other authority.

21. Any party may petition the Court for a modification of the terms of this Protective Order. The Court will have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this action.

SO ORDERED:

_____          _____
Date                                    CARL J. NICHOLS
                                        United States District Judge