UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDS OF THE EARTH U.S., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>EXPORT-IMPORT BANK OF THE<br>UNITED STATES, et al.,<br><br>　　　　Defendants. | Civil Action No. 25-2235 (CJN) |

**DEFENDANTS' MOTION TO STAY A RESPONSE TO**
**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

　　Defendants the Export-Import Bank of the United States ("EXIM" or the "Bank"); James Cruse, in his official capacity as Acting President and Chairman; James Burrows Jr., in his official capacity as Acting First Vice President and Vice Chairman; and Spencer Bachus III, in his official capacity as Member of the Board of Directors; through undersigned counsel, respectfully move to stay a response to Plaintiffs Friends of the Earth U.S. and Justiça Ambiental's motion for partial summary judgment. *See* Pls.' Mot. Partial Summ. J., ECF No. 13. Counsel for Defendants have conferred with counsel for Plaintiffs about this motion pursuant to Local Civil Rule 7(m), and Plaintiffs oppose this motion.

　　Plaintiffs' filed suit on July 14, 2025. *See* Compl., ECF No. 1. On July 21, 2025, they moved for a preliminary injunction and for partial summary judgment. *See* Pls.' Mot. Prelim. Inj. and Partial Summ. J., ECF No. 13. Consistent with the Court's scheduling order (Minute Order, Aug. 5, 2025), Defendants responded to Plaintiffs' motion for a preliminary injunction today. *See* Defs.' Opp'n Pls.' Mot. Prelim. Inj., ECF No. 28.

Although, generally, "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery,"[1] Fed. R. Civ. P. 56(b), under the circumstances, Plaintiffs' motion for partial summary judgment is premature. First, the time period for Defendants to answer or respond to the Complaint has not passed. Defendants have sixty days to respond to the Complaint, Fed. R. Civ. P. 12(a)(2), which is currently Monday, September 15, 2025.[2] As can be seen from Defendants' opposition to Plaintiffs' motion for a preliminary injunction, there are threshold jurisdictional issues that must be resolved before reaching the merits of Plaintiffs' claims.

Second, all of the claims alleged in the Complaint assert violations of the Administrative Procedure Act. Defendants have yet to compile and produce an administrative record that will be required to decide the merits of Plaintiffs' claims at summary judgment. Plainly, it would be prejudicial to Defendants if they were required to respond to Plaintiffs' motion for partial summary judgment prior to their obligation to answer or respond to the Complaint, before this Court has assured itself of its jurisdiction to hear Plaintiffs' claims, or before the compilation of an administrative record As such, Defendants should be relieved from responding to Plaintiffs' motion for partial summary judgment unless or until the Court rules on the jurisdictional issues and Defendants have had an opportunity to compile an administrative record. *See* Min. Order, *Pharm. Rsch. and Mfrs. of Am. v. Becerra*, Civ. A. No. 21-1395 (CJN) (Sep. 9, 2021) (granting the government's motion to stay a response to a motion for summary judgment because the government filed a motion to dismiss raising jurisdictional issues).

---

[1] Because Plaintiffs bring claims under the Administrative Procedure Act, there is no discovery.

[2] Plaintiffs served Defendants on Tuesday, July 15, 2025. The sixty-day deadline to respond is actually Saturday, September 13, 2025, but it extends to the following Monday under Rule 6(a).

This Court, further, has the inherent authority to grant the relief that Defendants seek. The Court has the inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). That broad discretion includes the "inherent power to control the sequence in which it hears matters on its calendar." *United States v. W. Elec. Co.*, 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995); *see also Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) ("It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons.").

For the reasons above, the Court should grant Defendants' motion and stay Defendants' obligation to respond to Plaintiff's motion for partial summary judgment until after the Court rules on the jurisdictional issues and Defendants have had an opportunity to compile an administrative record.

Date:   August 15, 2025
        Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:     */s/ Sam Escher*
        SEAN TEPE, D.C. Bar #1001323
        SAM ESCHER, D.C. Bar #1655538
        Assistant United States Attorneys
        601 D Street, NW
        Washington, DC 20530
        (202) 252-2533
        Sean.Tepe@usdoj.gov
        (202) 252-2531
        Sam.Escher@usdoj.gov

*Attorneys for the United States of America*