**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **FRIENDS OF THE EARTH U.S.,** et. al, |
| *Plaintiffs*, |
| v. |
| **EXPORT-IMPORT BANK OF THE UNITED STATES,** et. al., |
| *Defendants*. |

Civil Action No. 1:25-cv-02235-CJN

**PLAINTIFFS' OPPOSITION TO DEFENDANT-INTERVENOR'S CROSS-MOTION
FOR SUMMARY JUDGMENT**

As Plaintiffs have shown, they are entitled to summary judgment against all Defendants, because EXIM's decision to cast all statutory protections aside when authorizing billions of dollars of funding for the Mozambique LNG Project violated the law. *See* Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for a Preliminary Injunction and Summary Judgment (DE 13-1) (Pls. Mtn.). TotalEnergies EP Mozambique Area 1 ("Total"), a Mozambican subsidiary of a French oil company, has intervened in this case to defend Defendant EXIM's decision. Total also claims *it* is entitled to summary judgment because Plaintiffs allegedly lack standing. Cross Motion for Partial Summary Judgment (DE 26) (Total Mtn.). The EXIM Defendants, for their part, have moved to stay consideration of summary judgment. *See* Defendants' Motion to Stay a Response to Plaintiffs' Motion for Partial Summary (DE 30).

Total's cross-motion for partial summary judgment fails for all the same reasons Plaintiffs are entitled to summary judgment. Those reasons are explained in Plaintiffs' original motion and Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Preliminary

1

Injunctive Relief and Partial Summary Judgment (Pls. Reply), incorporated here by reference. Total mischaracterizes Plaintiffs' evidence, their arguments, and the applicable legal standards for organizational standing. *See* Pls. Reply § I.

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Total must show the absence of a material fact in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The court must view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in its favor. . . . In so doing, the court may not make credibility determinations or otherwise weigh the evidence." *United States v. Seventeen Thousand Nine Hundred Dollars ($17,900.00) in United States Currency*, 859 F.3d 1085, 1091 (D.C. Cir. 2017). Total has failed to meet this standard with respect to Plaintiffs' standing. In fact, the opposite is true: Plaintiffs have shown there is no dispute as to any material facts showing standing, or the merits, so judgment should be entered in their favor. Pls. Mtn. at 44-45.

Plaintiffs have demonstrated organizational, informational, and third- party standing under well-established precedent. Plaintiffs have suffered "'concrete and demonstrable injury to [their] activities'" that is not just "'a setback to [their] abstract social interests' and thus suffices for standing." *People for the Ethical Treatment of Animals (PETA) v. USDA*, 797 F.3d 1087, 1094 (D.C. Cir. 2015) (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982)). Total describes Plaintiffs' injuries as merely the "desire [for] more opportunities to provide comments on Bank activities," Total Mtn. at 2, but this misstates Plaintiffs' argument. They are not seeking *more* opportunities to comment, but *the* opportunity to comment, which EXIM denied altogether. Denying Plaintiffs their right to comment and participate in EXIM's due

diligence process, on their own behalf and on behalf of the local people they serve, precluded Plaintiffs access to EXIM's means of redress. Under *PETA,* that provides standing.

Total also ignores a wide swath of other harms that Plaintiffs allege. EXIM's loan approval unleashes a litany of harms on the people Plaintiffs serve, requiring Plaintiffs to provide more services to their clients to fulfill their missions; EXIM also denied Plaintiffs access to information that they provide local people and use to protect their rights, and which they are entitled to under the Export-Import Bank Act, causing the type of injury – harmful projects and secretive EXIM operations – that the Bank Act is designed to protect against. Pls. Mtn. § I.G(1)(c); Pls. Reply § I(A), (B). Finally, Plaintiffs have third party standing to raise the harms the community members they serve suffer: they have their own injury and a close relationship with the local people whose rights they assert and who face hindrances to pursuing their own rights. Pls § I.G(1)(b); Pls. Reply § I(C). Defendants' contrary arguments are unpersuasive. *See generally* Pls. Reply § I. Plaintiffs have presented sufficient evidence to show there is no dispute as to any material fact and thus to *win* on summary judgment.

However, to *oppose* summary judgment, Plaintiffs need only "set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Plaintiffs easily meet that standard. Thus, even if the Court declines to grant Plaintiffs' summary judgment motion, there is no basis to grant Total's.

Plaintiffs have submitted affidavits from organizational representatives and supporting documentation that show that they will be harmed by EXIM's actions. Contrary to Total's claim, Plaintiffs have shown far more than "speculation that the EXIM loan will increase terrorist attacks against third parties." Total Mtn. at 2. The displacement, environmental harm, and loss of

livelihoods Plaintiffs identify depend solely on Total, the intervenor, not the insurgents. Pls. Reply § I(A)(2). It is not speculative that the community members Plaintiffs have served for decades will continue seeking out their services to address those harms. *Id.* And the injuries related to the increase in conflict are supported by clear evidence from a well-regarded expert, and Plaintiff JA's first-hand experiences, *id.*

Indeed, these facts should be treated as admitted. "The Court … will 'assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.'" Standing Order, para. 10(c) (DE 8) (quoting L.Cv.R. 7(h)). Total did not file a counterstatement of material facts. Accordingly, the facts in Plaintiffs' statement are admitted. While Total disputes that these rules apply in an Administrative Procedure Act case, Total 11 n.4, Plaintiffs can rely on evidence outside the administrative record to establish standing. *Chesapeake Climate Action Network v. Exp.-Import Bank of the U.S.*, 78 F. Supp. 3d 208, 217 (D.D.C. 2015).

The only evidence Total introduces is the statement of its Managing Director, Maxime Rabilloud. This cannot make up for failing to follow the proper procedure of submitting a counter-statement of material facts. Nonetheless, he makes only two claims even arguably relevant to Plaintiffs' standing, and both fall short of introducing any real doubt. First, he says the conflict situation was improving in 2023. *See* Rabilloud Decl. para. 52-53. He does not comment on the state of affairs today, or even in the last year, so does not truly dispute Plaintiffs' evidence that the situation has gotten substantially worse, nor does he dispute the fact that the Project restarting will worsen the conflict further. Pls. Reply § 1(A)(2).

Second, Mr. Rabilloud states: "[T]he Project accelerated resettlement of all individuals displaced by the Project. By February 2025, the Project completed its resettlement, providing all

643 displaced households with new homes." *Id.* para. 49. But he says nothing about the fact that many displaced households have not received replacement *farms*, nor the future displacement as a result of the restart. Pls. Reply § 1(A)(2). And nothing in Mr. Rabilloud's declaration purports to dispute Plaintiffs' showing that they have other bases for standing, including because EXIM shut them out of an important avenue of redress and denied them critical information. Pls. Reply § 1(A)(1), (3).

In short, there are no disputed facts here, and Plaintiffs are entitled to summary judgment. But if the Court finds there are disputed facts, they cannot be resolved against Plaintiffs at the summary judgment stage – particularly because Plaintiffs' standing facts must be taken as true in a motion for summary judgment against them. Finally, if the Court finds that Plaintiffs have not submitted evidence to prove their injuries with sufficient specificity, Plaintiffs respectfully request leave to provide supplemental evidence on any specific issues the Court finds lacking.

Plaintiffs, not Defendants, are entitled to summary judgment on the issue of standing. Defendant's cross-motion should be denied.

Date: September 3, 2025      Respectfully submitted

/s/ Richard Herz
Richard L. Herz (*admitted pro hac vice*)*
Tamara A. Morgenthau (D.C. Bar No. 90032827)
Lindsay A. Bailey (D.C. Bar No. 1723447)
Michelle C. Harrison (D.C. Bar No. 1026592)
EarthRights International
1400 K St. NW Suite 750
Washington, DC 20005
(202) 466 5188
rick@earthrights.org

Steven B. Herz (*admitted pro hac vice*)
The Law Office of Steven Herz
1954 Mountain Blvd

Oakland CA 94661
*Counsel for Plaintiffs*

\* Based in CT; admitted in NY; does not
practice in DC's courts