UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDS OF THE EARTH U.S., et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>EXPORT-IMPORT BANK OF THE<br>UNITED STATES, et al.,<br><br>       Defendants. | Civil Action No. 25-2235 (CJN) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY A RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**INTRODUCTION**

Defendants' Motion to Stay a Response to Plaintiffs' Motion for Partial Summary Judgment should be denied. Federal Rule of Civil Procedure 56 and multiple courts recognize that a summary judgment motion may be filed at the outset of a case and is appropriate early in APA cases where, as here, the issues raised are purely legal and can be resolved on the existing record, and that early summary judgment motions serve both judicial efficiency and the interests of all parties. That is the case here. Memorandum of Law in Support of Plaintiffs' Motion For a Preliminary Injunction and Partial Summary Judgment at 44-45.

Defendants claim that requiring them to respond to Plaintiffs' merits arguments before the jurisdictional issues they plan to raise are addressed prejudices them, but this is untenable. Defendants' opposition to Plaintiffs' Motion for Preliminary Injunction has already raised their standing arguments and responded to identical merits arguments. Defendants also argue that summary judgment is properly decided on the administrative record and proceeding before they produce it would prejudice them. But Plaintiffs specifically excluded arguments from their

summary judgment motion that require the administrative record. Further, Defendants have already filed the portions of the administrative record they believe necessary to address Plaintiffs' merits arguments. Defendants do not identify a single argument that requires evidence from administrative record beyond what they have already submitted. Defendants should not be permitted to delay consideration of summary judgment.

## ARGUMENT

I.  **Consideration of summary judgment at this stage is appropriate and serves the interests of the Court and parties.**

Defendants argue that consideration of summary judgment is premature at this stage of the case, Dkt. 30, but they are mistaken. They note that they are permitted 60 days to raise jurisdictional defenses to the complaint under Fed. R. Civ. Proc. 12, but Rule 12(a)(2) merely affords Defendants 60 days to file an answer or response to the complaint. It does not modify Rule 56 and says nothing about delaying when Defendants must respond to a summary judgment motion. Rule 56(b) provides that a summary judgment motion can be filed at "any time" until 30 days after discovery closes, which obviously includes the outset of the case. Rule 12 does not provide any exception to Rule 56, and courts consistently recognize the propriety of early summary judgment motions. *See, e.g., See Parker v. Hoglander*, 2016 U.S. Dist. LEXIS 81588, at *10 (D.D.C. June 23, 2016) ("A motion for summary judgment cannot be too early; 'at any time' does in fact mean 'at any time.'"). Indeed, courts often combine summary judgment with motions for preliminary injunction. *See* Dkt. 13-1 at 45.

Moreover, in "APA cases early summary judgment motions are often appropriate, as the entire case on review is a question of law, and only a question of law." *AHA v. HHS*, Civil Action No. 18-2112 (JDB), 2018 U.S. Dist. LEXIS 187624, at *7 (D.D.C. Nov. 2, 2018) (cleaned up). This principle is even more applicable here, where the questions do not require an

- 2 -

analysis of the administrative record. As is evident from Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, there is no dispute that the acting Board approved the 2025 loan without three Senate-confirmed members, Dkt. 28 at 23; that EXIM did not provide notice and permit comment prior to the 2025 approval, *id.* at 25-26, 30; that EXIM did not analyze the economic effects in the United States at the time the Project will come on line, based on current information; and that the Board did not make the determination of net benefits necessary to overcome the presumption of "substantial injury." *Id.* at 6, 19, 25-26. Any questions here as to whether EXIM was required to do those things is purely legal, and this Court can resolve them on the existing record at this early stage.

At bottom, it is more efficient and serves the Court and parties to proceed with partial summary judgment now, as all parties have an interest in deciding these claims as soon as possible. *See Parker* 2016 U.S. Dist. LEXIS 81588, at *10 ("[E]fficiency counsels in favor of letting the [parties] pull the summary judgment trigger immediately."). *AHA v. HHS* is instructive. The court, addressing a similar issue, refused to "postpone[e] summary judgment briefing" to wait for the "government's anticipated motion to dismiss" because it did "not serve the orderly disposition of [the] case" and because proceeding was in the "interest of the sound administration of judicial—and the parties'—resources." *AHA v. HHS*, 2018 U.S. Dist. LEXIS 187624, at *6-8. Indeed, early summary judgment might avoid the need for EXIM to assemble the record unnecessarily. *Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Noem*, Civil Action No. 25-306 (RDM), 2025 U.S. Dist. LEXIS 126272, at *55 ("[T]o avoid the need to set aside additional time in the schedule for Defendants to assemble, review, certify, and produce the administrative record . . . Defendants agree[d] to provide the relevant guidance documents . . .

for cross-motions for summary judgment.") (internal quotations omitted). This Court should do the same here.

Defendants argue, without authority,[1] that there are "jurisdictional issues that must be resolved before reaching the merits of Plaintiffs' claims," Dkt. 30, but this is incorrect. *See AHA v. HHS*, 2018 U.S. Dist. LEXIS 187624, at *7 n.3 ("The potential jurisdictional issue the government has flagged—plaintiffs' standing—may equally be considered at the summary judgment stage."); *All. for Nat. Health U.S. v. Sebelius*, 775 F. Supp. 2d 114, 119 (D.D.C. 2011) (addressing the "threshold question" of "whether plaintiffs have standing" at summary judgment stage in light of the affidavits that had been filed). Indeed, Intervenor TotalEnergies EP Mozambique Area 1, Limitada has *moved* for summary judgment on standing grounds. Dkt. 26. Defendants claim "prejudic[e]" if they are required to brief summary judgment before jurisdictional issues are addressed, Dkt. 30 at 2, but the summary judgment merits arguments are the same as those in the preliminary injunction motion, and Defendants have already responded. *See* Dkt. 13-1 at 44-45; Dkt. 28 at 22-31.

Defendants also claim that summary judgment cannot be properly decided until they produce the administrative record. Dkt. 30 at 2. But Plaintiffs explicitly base their motion on arguments for which they do not need the record. *See* Dkt. 13-1 at 1 n.1 ("Plaintiffs are also likely to succeed on their other claims. However, because EXIM has not yet produced the administrative record, Plaintiffs do not raise those claims here."); *see also Refugee & Immigrant Ctr. for Educ. & Legal Servs*, Civil Action No. 25-306, 2025 U.S. Dist. LEXIS 126272, at *11-

---

[1] Defendants cite only to a minute order that granted the government's motion to stay summary judgment briefing, Min. Order, *Pharm. Rsch. and Mfrs. of Am. v. Becerra*, Civ. A. No. 21-1395 (CJN) (Sep. 9, 2021), but in that case, unlike here, the Plaintiffs had yet to file their summary judgment motion, and the government had already filed its motion to dismiss based on jurisdictional issues.

12 (distinguishing between APA claims that "rely on the administrative record" and those that do not).

Regardless, Defendants have already submitted the parts of the record they believe are relevant. In responding to Plaintiffs' merits arguments in their preliminary injunction opposition, Defendants filed nine documents of their choice from the administrative record, including what they consider to be key staff memoranda, analyses, and board resolutions.[2] Dkt. 28-1. Thus, Defendants ask the Court to put off the motion until they produce parts of the administrative record that *neither side* believes is necessary to the Court's decision. That makes no sense, and is not required.

## II.     Defendants cannot unilaterally extend their deadline to file an opposition to Plaintiffs' Motion for Partial Summary Judgment.

Rather than oppose Plaintiffs' Motion for Partial Summary Judgment, Defendants unilaterally decided a response was "premature" and filed a motion for a stay of their response instead. Dkt. 30. That was improper. *See* Standing Order, Dkt. 8 ("Motions for extension of time . . . should be filed at least four days prior to the deadline and conform with the requirements of Section 9(b).2"); *Nelsen v. Konami Gaming, Inc.*, No. 2:17-cv-02248-APG-NJK, 2017 U.S. Dist. LEXIS 203509, at *2 (D. Nev. Dec. 11, 2017) ("It is axiomatic that the act of filing of a motion

---

[2] This court may also consider the declarations and other evidence submitted by Plaintiffs. *See Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002, (D.C. Cir. 2008) (parties may supplement administrative record if, *inter alia*, the court "need[s] to supplement the record with background information in order to determine whether the agency considered all of the relevant factors") (internal quotation marks omitted); *Nat'l Ass'n of Mut. Ins. Co. v. United States HUD*, 693 F. Supp. 3d 20, 31 (D.D.C. 2023) ("With respect to standing and ripeness, district courts are not limited to the administrative record") (internal quotation marks omitted); *United Student Aid Funds, Inc. v. Devos*, 237 F. Supp. 3d 1, 4 (D.D.C. 2017) ("District courts may consult extra-record evidence when the procedural validity of the [agency's] action . . . remains in serious question.") (internal quotation marks omitted).

to stay does not itself impose a stay."). Defendants have not explained why there was good cause or excusable neglect for failing to timely seek a stay or file a timely opposition. *See Koch v. White*, 251 F. Supp. 3d 162, 179-81 (D.D.C. 2017) ("When a party misses the original deadline and seeks an extension afterward, the court may extend the deadline if there is 'good cause' and the party shows that his or her failure to act is due to 'excusable neglect.'") (quoting Fed. R. Civ. P. 6(b)(1)(B)).

Consequently, the Court could treat any unaddressed factual statement in the Plaintiffs' motion as undisputed. LCvR 7(h)(1) ("In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."); Standing Order, Dkt. 8, ("The Court strictly enforces Local Civil Rule 7(h)"); *see also Parker*, 2016 U.S. Dist. LEXIS 81588, at *10 ("Perhaps, then, [Plaintiff] felt that he did not need to comply with Local Rule 7(h) because the Board's summary judgment motion was fatally premature. If so, [Plaintiff] was wrong.")*; Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 508 (D.C. Cir. 2016).

Even if the Court determines that such a consequence is unwarranted here, it should not delay consideration of Plaintiffs' Motion for Partial Summary Judgment. Plaintiffs' arguments for preliminary relief and for summary judgment are materially identical. Defendants have had a full opportunity to respond to the substance of Plaintiffs' arguments, including by submitting whatever evidence they wished. And Defendants have not identified any issue they claim they would brief differently or for which additional evidence is needed. Thus, all of the arguments and evidence for and against summary judgment are before the Court. The Court should just decide Plaintiffs' motion now.

## CONCLUSION

Consideration of summary judgment at this stage in the case is appropriate and Defendants' motion to stay should be denied.

Date:   September 3, 2025

Respectfully submitted,


*/s/ Richard L. Herz*
Richard L. Herz\*
Wyatt Gjullin (D.C. Bar No. 1600958)
Tamara A. Morgenthau (D.C. Bar No. 90032827)
Lindsay A. Bailey (D.C. Bar No. 1723447)
Michelle C. Harrison (D.C. Bar No. 1026592)
EarthRights International
1400 K St. NW Suite 750
Washington, DC 20005
(202) 466 5188
michelle@earthrights.org

*Attorneys for Plaintiffs*

\*   Based in CT; admitted in NY; does not practice in DC's courts