IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **FRIENDS OF THE EARTH U.S.,** et. al, <br><br> *Plaintiffs*, <br><br> v. <br><br> **EXPORT-IMPORT BANK OF THE UNITED STATES,** et. al., <br><br> *Defendants*. | Civil Action No. 1:25-cv-02235-CJN |

**MOTION TO UNSEAL OPINION**

On October 10, 2025, this Court denied Plaintiffs' Motion for a Preliminary Injunction. Order (ECF 53). This Court lodged the Memorandum Opinion under seal and ordered the parties to "meet and confer regarding whether any portions of the Memorandum Opinion must be redacted before an unsealed version is entered on the public docket." Order (ECF 53). On October 21, Plaintiffs and Defendant-Intervenor Total submitted a status report informing the Court that counsel for Defendant Export-Import Bank ("EXIM") and the individual Defendants could not confer on proposed redactions due to the lapse in appropriations and proposed submitting redactions a week after appropriations resume. Status Report (ECF 54).

However, on October 24, Total lifted *force majeure* on the Project.[1] In late September, TotalEnergies CEO told investors that "everything is ready, in fact we are remobilizing on the

---

[1] *See TotalEnergies and partners lift force majeure on $20 billion Mozambique LNG project*, Reuters (Oct. 25, 2025), https://www.reuters.com/sustainability/climate-energy/totalenergies-partners-lift-force-majeure-20-billion-mozambique-lng-project-2025-10-25/.

ground," and Total can move "very quickly" once *force majeure* is lifted. Francois de Beaupuy, *TotalEnergies CEO Says Mozambique LNG Project 'Ready' to Restart*, Bloomberg (Sept. 29, 2025) (ECF 48-2). Plaintiffs filed their notice of appeal of the Court's decision on October 29, (ECF 55), and moved to expedite the appeal given the imminent risk of harm on the ground in Mozambique. To reduce any potential burden on the Court of Appeals and to facilitate all parties' participation in the appeal, Plaintiffs respectfully request that the Court release a public version of the Memorandum Opinion without waiting for appropriations to resume.

Based on the motions to seal presented by the parties, no portions of the Memorandum Opinion need be redacted before an unsealed version is entered on the public docket. The parties have submitted six motions to seal, which address six substantive documents. Plaintiffs moved to seal portions of the Justiça Ambiental ("JA") and supplemental JA declarations and the entire conflict declaration. *See* Pls. Sealed Mtn. to Proceed Under Pseudonym and File Doc. Under Seal (ECF 14); Pls. Sealed Mtn. for Leave to File Doc. Under Seal (ECF 37). Defendants and Total did not oppose these motions. Defendants moved to file two Board Memoranda and an Operative Memorandum under seal. Defs. Sealed Mtn. to File Under Seal (ECF 27). Plaintiffs opposed this motion as overbroad and without basis. Opp. to Mtn. to File Under Seal (ECF 51). Plaintiffs and Total also sought to seal references to these documents in their briefs. (ECF 24; ECF 37; ECF 41; ECF 50). The parties have not moved to seal any other material.

While the Opinion references Plaintiffs' declarations once, it does not refer to declarants' names or any of the material that Plaintiffs requested to be sealed. *See* Mem. Op. at 9 (citing but not quoting ECF 14-2 (SEALED) at 15-16). Accordingly, Plaintiffs do not request that the Court seal any portion of the Memorandum Opinion based on the need to protect their materials.

The Opinion only references EXIM's proposed sealed material twice, and in both instances EXIM or Total have publicly shared nearly identical information. The first reference to EXIM's sealed material is:



Mem. Op. 22-23 (quoting ECF 13-5 at 17-23; citing ECF 27-1 (SEALED) at 65-66). This quotes public material – the Board Memorandum that EXIM released through a Freedom of Information Request. *See* ECF 13-5 at 17-23. Total's brief also publicly references the same facts, citing the same public Board Memorandum as the Court:

> The 2025 Amendment expressly relied upon the 2019 Economic Impact Analysis and therefore sufficiently considered the economic effects of the Project. EXIM conducted a detailed economic impact analysis, complete with notice published in the Federal Register, before it approved the loan in 2019, as Plaintiffs acknowledge. . . . That analysis concluded that LNG "is not currently, and is not likely to become, in structural oversupply during the repayment of the EXIM Bank facility," a term of 12.5 years, lasting until approximately 2031. When EXIM approved the Amendment, it referenced this analysis, explaining that the Project "will not compete in any harmful way with the production of U.S. LNG" and reaffirming that EXIM "concluded with independent experts that the transaction would likely have a net positive impact on the U.S. economy, based on supply/demand analysis over the life of the loan.". . . . EXIM's economic analysis also considered the entire period of the amended Agreement, analyzing market conditions running until at least 2031, and thoroughly explained its conclusions. Noting that there were initial "fears of an oversupply of LNG capacity occurring in the early 2020s," the memorandum discussed why that fear was misplaced and goes on to say that "industry observers generally agree that there will be a supply-demand gap opening in the early-to-mid 2020s." Bank staff wrote that "there is little doubt that currently producing and under construction projects will fall short by 5-10% of satisfying demand sometime in the next five years," until 2024, and that the "gap would grow from there." Importantly, the memorandum also explained that "additional sources indicate that LNG demand is set to grow substantially over the next ten to fifteen years, beyond the 2025 level."

*See* EXIM's Opp. to Pls. Mtn. for Preliminary Injunction at 31-32 (ECF 25) (citing ECF 13-5). There is no need to seal this already-public material. *See CNN, Inc. v. FBI*, 984 F.3d 114, 120 (D.C. Cir. 2021).

The second reference cites, but does not quote, sealed material: "████████████ ████████████████████████████████████████████████████ ████████████████████████████" Mem. Op. at 24 (citing ECF 27-1 (SEALED) at 60-62). Both Defendants and Total make similar claims in their briefs, without relying on sealed material. *See* Total's Opp. to Pls. Mtn. for Preliminary Injunction at 10 (ECF 25) ("Nevertheless, before approving the Amendment, EXIM 'thoroughly reviewed the physical security situation' and 'determined that the security risks to the project had been properly addressed, with substantial systems in place and appropriate management plans and mitigation applied to respond appropriately to evolving security concerns.'") (quoting EXIM's press release); EXIM's Opp. to Pls. Mtn. for Preliminary Injunction at 28 (ECF 28) ("Regardless, the Bank's Board was presented with analysis of the potential environmental and social consequences of the Project in 2019 and received an update on those issues in 2025."). Total's counsel also made a similar statement in public court, when summarizing the sealed documents: "[The Swain Declaration] discusses at length all of the bank's understanding of the security upgrades that the project made. It discusses some of the particular attacks that plaintiffs' reference. It talks at length about the bank's due diligence, independent security consultants, discussing with other NGOs who operate in the area to substantiate some of plaintiffs' claims and makes a clear determination that, not only was security considered, but that the security situation has improved enough for the . . . project to go forward." Hearing Tr. at 106:3-12, Sept. 25, 2025. Here, too, there is no reason to seal this already-public material.

Plaintiffs believe the Opinion can be unsealed in its entirety now. However, if the Court deems it necessary to await EXIM's submissions on whether these two statements merit confidentiality, Plaintiffs respectfully request that the Court release a public version of the Opinion with temporary, narrowly-tailored redactions of the two references to EXIM's sealed material. This would make public the other parts of the Court's decision which rely on materials that no party has sought to seal.

While Plaintiffs have been unable to confer with counsel for Defendants on these issues, counsel for Plaintiffs have conferred with counsel for Defendant-Intervenor Total, who have taken the position that there is nothing in the Opinion that needs to be sealed on their account, but that it does not consent to unsealing EXIM's protected material in the absence of EXIM's agreement. Total does not oppose unsealing the Opinion if references to EXIM's sealed material are redacted while EXIM is unable to confer.

Date: November 2, 2025

*/s/ Lindsay A. Bailey*
Lindsay A. Bailey (D.C. Bar No. 1723447)
Richard L. Herz* (admitted pro hac vice)
Tamara A. Morgenthau (D.C. Bar No. 90032827)
Michelle C. Harrison (D.C. Bar No. 1026592)
EarthRights International
1400 K St. NW Suite 750
Washington, DC 20005
(202) 466 5188
lindsay.bailey@earthrights.org

*Attorneys for Plaintiffs*

\*     Based in CT; admitted in NY; does not practice in DC's courts

5