**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FRIENDS OF THE EARTH U.S.,** et. al,<br><br>*Plaintiffs*,<br><br>v.<br><br>**EXPORT-IMPORT BANK OF THE UNITED STATES,** et. al.,<br><br>*Defendants*. | Civil Action No. 1:25-cv-02235-CJN |

**JOINT STATUS REPORT**

Plaintiffs Friends of the Earth U.S. and Justiça Ambiental, and Defendants the Export Import Bank of the United States ("EXIM" or the "Agency"); James Cruse, in his official capacity as Acting President and Chairman; James Burrows Jr., in his official capacity as Acting First Vice President and Vice Chairman; and Spencer Bachus III, in his official capacity as Member of the Board of Directors ("Defendants"); and Intervenor TotalEnergies EP Mozambique Area 1, Limitada ("TEPMA1"); through undersigned counsel, respectfully file this joint status report in accordance with the Court's January 6, 2026 Order.

The parties believe the interests of judicial economy and efficiency counsel in favor of staying any further briefing on the following motions, and for the parties to file renewed and/or supplementary motions after the Plaintiffs file their amended complaint:

- Plaintiffs Friends of the Earth U.S. and Justiça Ambiental's Motion for Partial Summary Judgment (DE 13)
- Defendants Export-Import Bank, James Cruse, James Burrows, and Spencer Bachus, III's Motion to Dismiss (DE 44)

There is no reason for the court to defer a decision of the following motions, which are unopposed and fully briefed:

- Plaintiffs' Motion to Proceed Under Pseudonym and Sealed Motion for Leave to File Document Under Seal (DE 14)
- Defendant-Intervenor's Sealed Motions for Leave to File Document Under Seal (DE 27, DE 41)
- Plaintiffs' Sealed Motions for Leave to File Under Seal (DE 37, DE 50, DE 58)

The parties propose the following briefing schedule:[1]

- Joint Motion for a protective order: September 18, 2026
- Defendants' Reply in Support of Defendants' Sealed Motion for Leave to File Document Under Seal (DE 27): September 30, 2026
- Plaintiffs' Amended Complaint and Motion for Preliminary Injunction (if any): October 15, 2026
- Defendants' Opposition to the Motion for Preliminary Injunction (if any): November 5, 2026
- Plaintiffs' Reply to Defendants' Opposition to the Motion for Preliminary Injunction (if any): November 19, 2026
- Defendants' Response to Plaintiffs' Amended Complaint: December 14, 2026
- Plaintiffs' Reply to Defendants' Response to Plaintiffs' Amended Complaint: January 28, 2027.

**<u>Intervenor's Position</u>**

The D.C. Circuit affirmed this Court's decision denying a preliminary injunction in full, holding that Plaintiffs were unlikely to show standing as to the vast majority of their claims, and were unlikely to prevail on the merits of the rest. Op. 10-26. Judge Randolph would have gone further and instructed this Court that the complaint be "dismissed in its entirety." Randolph Op. 2. Now, Plaintiffs seek a month-and-a-half pause so that they can take mulligan in a case they filed nearly 18 months ago—filing an amended complaint and again seeking the extraordinary

---

[1] As explained below, TEPMA1 respectfully requests that the Court rule on its fully briefed summary-judgment motion consistent with the D.C. Circuit's opinion and consolidate consideration of any serial preliminary injunction motion with the merits under Federal Rule of Civil Procedure 65(a)(2).

remedy of preliminary injunctive relief. The Court should not allow them this complete do-over. Instead, TEPMA1 respectfully requests that the Court take two steps to guide the case efficiently toward final judgment.

First, given the D.C. Circuit's complete affirmance of the Court's preliminary injunction decision, TEPMA1 respectfully requests that the Court rule on TEPMA1's fully briefed motion for summary judgment on standing (DE 62), entering summary judgment on Counts I-VII. The D.C. Circuit's decision dictates the outcome of TEPMA1's standing-based summary judgment motion. The D.C. Circuit applied the same "standard for a motion for summary judgment" when evaluating Plaintiffs' standing in the appeal as this Court would apply to TEPMA1's summary judgment motion. Op. 9. Thus, consistent with the D.C. Circuit's decision, TEPMA1 is entitled to summary judgment on standing on all claims except the two for which the D.C. Circuit found standing: Plaintiffs' claims under the National Environmental Policy Act and for certain environmental information allegedly required to be provided under the Bank Act, 12 U.S.C. § 635 *et seq*. (Counts VIII-IX). *See* Op. 20-24. Although TEPMA1 acknowledges that courts freely allow plaintiffs to amend a complaint when justice so requires, there is no reason for the Court to wait to enter summary judgment on Counts I-VII in this instance.

Second, as to any serial motion for preliminary injunction that Plaintiffs might file, TEPMA1 respectfully requests that the Court combine consideration of the motion with its consideration of the merits under Federal Rule of Civil Procedure 65(a)(2). This step would allow the Court to finally resolve this case, without the possibility of additional interlocutory appeals causing the case to bounce between this Court and the D.C. Circuit. Already, Plaintiffs' appeal of the prior preliminary injunction motion has delayed this case by 10 months. *See* ECF 55 (Oct. 29, 2025 notice of appeal). The Court should not let Plaintiffs continue to delay final

resolution of this case through serial motions for preliminary injunction and appeals. *See F.W. Kerr Chem. Co. v. Crandall Assoc., Inc.*, 815 F.2d 426, 429 (6th Cir. 1987) ("Parties should not be allowed to harass their adversaries and the courts with a barrage of successive motions for extraordinary, preliminary injunctive relief."). Consolidating any serial preliminary injunction motion with the merits is also consistent with the general impropriety of such motions—even when plaintiffs do not delay the case by appealing the first denial. Such motions are almost never appropriate because they waste scarce judicial and party resources and disturb finality. *E.M. v. Shady Grove Reprod. Sci. Ctr. P.C.*, 2020 WL 7264048, at *3 (D.D.C. Dec. 10, 2020) (denying successive preliminary injunction motion, noting that courts are "loathe to reconsider issues already decided in the absence of extraordinary circumstances"); *U.S. Airline Pilots Ass'n v. Pension Benefit Guar. Corp.*, No. 09-cv-1675, 2011 WL 13273132, at *2 n.1, *7 (D.D.C. Mar. 14, 2011) (denying renewed motion for preliminary injunction after observing that the "law-of-the-case doctrine . . . places a heavy thumb on the scales in favor of denying the [plaintiff's] motion"). If Plaintiffs have arguments for a preliminary injunction that they failed to assert last July, they should have advanced those arguments then. *See id.*; *see also Save Long Beach Island v. U.S. Dep't of Commerce*, 2025 WL 2996157, at *5 (D.D.C. Oct. 24, 2025) (Nichols, J.) (explaining that "[a]n unexcused delay in seeking extraordinary injunctive relief may be grounds for denial"). TEPMA1 therefore respectfully requests that any forthcoming preliminary injunction motion be consolidated with the merits so that the case may proceed efficiently toward final judgment.

**Defendants' Position**

Defendants take no position on Intervenor's request that the Court rule on its Cross Motion for Partial Summary Judgment (DE 62). On August 15, 2025, Defendants moved to stay their

response to Plaintiffs' motion for partial summary judgment (DE 13) pending resolution of threshold jurisdictional issues and until after production of the administrative record (DE 26). That motion remains pending and Defendants' position remains that its response to Plaintiffs' motion for partial summary judgment is premature.

Defendants will take a position on a possible Rule 65(a) consolidation after reviewing the amended complaint and the motion for a preliminary injunction, if the preliminary injunction is filed. A consolidation decision at this time is premature.

**<u>Plaintiffs' Position</u>**

Intervenor's "Position" purports to tell the Court how it should handle submissions that have not yet been filed. The Court should deny their requests as premature.

Total does not dispute that Plaintiffs have a right to amend their complaint. On October 3, 2025, the Court stayed Plaintiffs' deadline to file an Amended Complaint as a matter of course. It makes no sense for the Court to decide Total's Motion for Partial Summary Judgment, DE 26, before Plaintiffs amend, because after amendment, Total's motion will likely be moot.

Total's motion challenges standing, and as Plaintiffs informed Total, the amendments (and the underlying facts Plaintiffs will allege) will alter the standing analysis. Total does not dispute this, nor could it, since it has not seen the amendments. Thus, the better course is for Plaintiffs to file their submissions under the schedule above that everyone agrees on, and then the Court can decide whether Total's motion is moot based on the record before it, rather than Total's speculation.

Plaintiffs also agree with EXIM that Total's request that this Court consolidate any preliminary injunction motion with the merits is premature. Total can raise this, and the Court can decide it, if and when Plaintiffs file any such motion, but it makes no sense to do so now.

Accordingly, Plaintiffs will not address Total's argument here, except to correct certain baseless accusations.

Total's assertion that Plaintiffs seek delay is nonsense. Total's restart of the Project, without the safeguards that could have been implemented if EXIM had permitted the participation that the Bank Act requires, has inflicted new misery and economic deprivation on Total's neighbors. Plaintiffs want relief as soon as possible.

Plaintiffs did not seek a month and a half to amend their complaint; they intended to amend as soon as possible, but agreed to file on a specific date to accommodate *EXIM's counsel*'s preference for certainty in EXIM's response deadlines. Plaintiffs sought rapid briefing on any preliminary injunction, precisely because they want this matter to be speedily resolved – it is Defendants and Total that have consistently sought more time. Moreover, again accommodating EXIM, Plaintiffs agreed to defer any summary judgment motion (which would be the functional equivalent of consideration on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2)) until after Defendants respond to the complaint and produce the administrative record. At least one claim is not suitable for summary judgment without the record, which is why Plaintiffs previously did not seek summary judgment for it.

Nor will any preliminary injunction motion ask the court to reconsider issues the D.C. Circuit has already decided. As noted, the standing analysis will change, and the D.C. Circuit largely did not decide whether EXIM violated the Bank Act.

Date: September 2, 2026

*/s/ Lindsay Anne Bailey*
Lindsay A. Bailey (D.C. Bar No. 1723447)
Richard L. Herz* (admitted pro hac vice)
EarthRights International
1400 K St. NW Suite 750
Washington, DC 20005
(202) 466 5188
lindsay.bailey@earthrights.org

*Attorneys for Plaintiffs*

* Based in CT; admitted in NY; does not practice in DC's courts

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Michael E. Yohannan*
MICHAEL E. YOHANNAN
PA Bar # 307575
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
Tel: (202) 809-2054
Michael.Yohannan@usdoj.gov

*Attorneys for the United States of America*

*/s/ Andrew D. Prins*
Andrew D. Prins (DC Bar No. 998490)
Stacey L. VanBelleghem (DC Bar No. 988144)
Jonathan L. Williams (DC Bar No. 999708)
Dorothy M. Canevari (D.C. Bar No. 90042751)
Rachael L. Westmoreland (DC Bar No. 90034032)
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: andrew.prins@lw.com
stacey.vanbelleghem@lw.com

jonathan.williams@lw.com
rachael.westmoreland@lw.com
dolly.canevari@lw.com

Nicholas L. Schlossman (DC Bar No. 1029362)
LATHAM & WATKINS LLP
300 Colorado Street, Suite 2400
Austin, TX 78701
Tel: (737) 910-7300
Fax: (737) 910-7301
Email: nicholas.schlossman@lw.com