UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDS OF THE EARTH U.S., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EXPORT-IMPORT BANK OF THE UNITED STATES, et al.,<br><br>Defendants. | Civil Action No. 25-2235 (CJN) |

**JOINT MOTION FOR A STIPULATED PROTECTIVE ORDER**

The parties to this case jointly and respectfully request entry of the enclosed Stipulated Protective Order to govern the exchange of documents and information in this action and protect from public disclosure information giving rise to confidentiality concerns. The parties have reason to believe that certain information, if publicly released, would infringe upon the privacy interests of the parties or third parties or might otherwise compromise recognized confidentiality interests. Accordingly, a stipulated protective order will facilitate the parties' efforts without violating the privacy or proprietary interests of the parties or other individuals mentioned in the covered materials.

A Stipulated Protective Order is enclosed herewith and sets forth the procedures to be followed by the parties when exchanging covered material and filing such material with the Court. This Stipulated Protective Order is intended to supersede Defendants' proposed protective order (DE 29-1), to streamline treatment of protected documents in this matter.

Date: September 16, 2026

Respectfully submitted,

*/s/ Andrew D. Prins*
Gregory G. Garre (D.C. Bar No. 440779)
Andrew D. Prins (DC Bar No. 998490)
Stacey L. VanBelleghem (DC Bar No. 988144)
Jonathan L. Williams (DC Bar No. 999708)
Rachael L. Westmoreland (DC Bar No. 90034032)
Dorothy M. Canevari (DC Bar No. 90043751)
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: gregory.garre@lw.com
andrew.prins@lw.com
stacey.vanbelleghem@lw.com
jonathan.williams@lw.com
rachael.westmoreland@lw.com
dolly.canevari@lw.com

Nicholas L. Schlossman (DC Bar No. 1029362)
LATHAM & WATKINS LLP
300 Colorado Street, Suite 2400
Austin, TX 78701
Tel: (737) 910-7300
Fax: (737) 910-7301
Email: nicholas.schlossman@lw.com

*Attorneys for Defendant-Intervenor*
*TotalEnergies EP Mozambique Area 1, Limitada*

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Michael E. Yohannan*
MICHAEL E. YOHANNAN
PA Bar # 307575
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
Tel: 202-809-2054
Michael.Yohannan@usdojg.gov

*Attorneys for the United States of America*

*/s/ Lindsay A. Bailey*
Lindsay A. Bailey (D.C. Bar No. 1723447)
Richard L. Herz*
Michelle C. Harrison (D.C. Bar No. 1026592)
EarthRights International
1400 K St. NW Suite 750
Washington, DC 20005
(202) 466 5188
Lindsay.bailey@earthrights.org

*Attorneys for Plaintiffs*

* Based in CT; admitted in NY; does not practice in DC's courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDS OF THE EARTH U.S., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EXPORT-IMPORT BANK OF THE UNITED STATES, et al.,<br><br>Defendants. | Civil Action No. 25-2235 (CJN) |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

This action will likely include the exchange of information claimed by a party or non-party to be Protected Attorneys Eyes Only Material (as defined herein). To permit the parties to disclose information relevant to this case without disclosing Protected Attorneys Eyes Only Material to the public while avoiding waivers of potential privileges, pursuant to Federal Rule of Civil Procedure ("Rule") 26, it is hereby ORDERED:

1. "Protected Attorneys Eyes Only" material as used herein means information the disclosure of which to or by the receiving party would, in the good faith belief of the producing party, result in the disclosure of one or more of the following categories of information: (i) proprietary and or confidential commercial and security information in the possession, custody, or control of the parties regarding third parties within the meaning of Rule 26(c)(1)(G) to which the non-governmental parties to this case do not currently have access; (ii) information that the parties are prohibited from releasing publicly pursuant to contracts with others, or pursuant to applicable statutes, regulations, or directives; (iii) information exempt from disclosure pursuant to an applicable legal privilege; or (iv) information that could reveal the

identity or compromise the safety or privacy of certain declarants or others. Subject to the provisions of this Order, information produced will be deemed Protected Attorneys Eyes Only Material when so designated in the manner described in this Order.

2. The designation of Protected Attorneys Eyes Only Material may be made by the producing party or third-party by placing or affixing prominently on produced documents the words "SUBJECT TO PROTECTIVE ORDER - ATTORNEYS EYES ONLY," indicating the proprietary, sensitive, or confidential nature of the documents. Any party or third-party may also designate as Protected Attorneys Eyes Only Material any documents, information, or material previously received or exchanged in this action or any administrative processes that preceded it. Any electronically stored information, including electronically stored information produced in native file format, may be designated Protected Attorneys Eyes Only Material or by affixing a label on the tape or disk consistent with the above or by embedding a "SUBJECT TO PROTECTIVE ORDER - ATTORNEYS EYES ONLY" legend within the filename or electronic file so long as such legend does not obscure the electronically stored information being designated.

3. Any summary, extract, paraphrase, quotation, restatement, compilation, notes, exhibit, or copy containing Protected Attorneys Eyes Only Material, or any electronic image or database containing Protected Attorneys Eyes Only Material, will be subject to the terms of this Order to the same extent as the material or information from which such summary, extract, paraphrase, quotation, restatement, compilation, notes, exhibit, copy, electronic image, or database is derived.

4. All materials produced or exchanged by the parties and third parties in this case and designated by the producing party or third-party as containing Protected Attorneys Eyes

Only Material will also be subject to the terms of this Protective Order.

5. Testimony regarding Protected Attorneys Eyes Only Material taken at a hearing may be designated as Protected Attorneys Eyes Only Material, respectively, by counsel for the party or third-party that produced the underlying Protected Attorneys Eyes Only Material or by counsel of a party to protect the interests of a party or a third-party by making a statement to that effect on the record at the hearing or in writing no later than thirty days after receipt of the final transcript of the hearing. Arrangements must be made with the Court for treatment of any such hearing. Arrangements must also be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcripts containing Protected Attorneys Eyes Only Material and to label such portions appropriately. Persons other than persons authorized to receive access to Protected Attorneys Eyes Only Material will be excluded from attendance during portions of hearings in this matter at which such Protected Attorneys Eyes Only Material is shown or discussed.

6. All counsel of record receiving copies of documents, transcripts, responses to written questions, or any other material or information designated as Protected Attorneys Eyes Only Material must maintain such Protected Attorneys Eyes Only Material in their possession in a manner sufficient to protect such material against unauthorized disclosure.

7. Protected Attorneys Eyes Only Material will be used solely for the purpose of conducting litigation in this action, including settlement and appeals, and not for any business or other purpose whatsoever by any person having access to such material.

8. Protected Attorneys Eyes Only Material and any copies thereof, and notes made therefrom, may be disclosed only (i) to attorneys who appear for or are retained by the parties in the above-captioned litigation, except as set forth in paragraph 20 below, (ii) to the Court and

its personnel, or (iii) to court reporters incident to the performance of transcription services provided in the case.

9. Subject to order of the Court, any material marked as Protected Attorneys Eyes Only, to include that portion of any document submitted or presented to or filed with the Court containing Protected Attorneys Eyes Only Material, must be placed under seal and will not be available to persons other than the Court and authorized employees of the Court, the attorneys who appear for or are retained by the parties except as set forth in paragraph 20 below, and persons authorized by this Protective Order. The filing of materials designated under this order will conform with Local Civil Rule 5.4(f) and the Court's "Notice Regarding Privacy and Public Access to Electronic Case Files."

10. Counsel will endeavor to avoid revealing Protected Attorneys Eyes Only Material in any oral hearings before the Court. If any counsel finds it necessary to refer to Protected Attorneys Eyes Only Material in any such oral hearings, counsel must notify the Court and all other counsel of record as soon as such necessity becomes apparent. After notification, the party who designated the material as Protected Attorneys Eyes Only Material will propose whatever mechanisms may be available and appropriate to prevent disclosure of Protected Attorneys Eyes Only Material as a consequence of such oral hearings to persons other than those authorized by this Order.

11. Further, in the event that any Protected Attorneys Eyes Only Material is or will be used in any Court proceeding herein, the parties will attempt to further stipulate as to the procedures for use of Protected Attorneys Eyes Only Material in Court proceedings. If necessary, any dispute regarding the procedures for use of Protected Attorneys Eyes Only Material in Court proceedings will be submitted to the Court for resolution.

12. Nothing in the foregoing provisions of this Protective Order will be deemed to preclude the parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or from seeking and obtaining leave to disclose documents or other material beyond the terms of this Protective Order, except as set forth in paragraph 20 below. Consistent with paragraph 13(a), the burden on any such motion lies with the party claiming protection.

13. Nothing in the foregoing provisions of this Protective Order will be deemed to preclude the parties from objecting to the designation of documents or other material as Protected Attorneys Eyes Only Material, or objecting to the definition of Attorneys Eyes Only Material, except as set forth in paragraph 20 below. Such objection can be made at any time and must be made in writing and must state the basis of the objection. The parties will endeavor to avoid piecemeal objections to a production.

a. Within thirty days of any such objection, the parties shall attempt in good faith to resolve any disagreement concerning the designation. If no agreement is reached, the objecting party may file a motion or take pre-motion actions consistent with the Court's scheduling and standing orders regarding that objection and requesting the Court to determine that the designation is improper. On any such motion, the party claiming protection shall bear the burden of demonstrating the confidentiality of the designated material under the terms of this Protective Order. The documents shall be treated as originally designated until the Court rules on such motion.

14. Within ninety days after the final conclusion of the litigation of this action, including the final resolution of any appeals (or the expiration of the time in which to notice an appeal if no appeal is taken), the parties will undertake reasonable and prudent efforts to destroy

or return to the producing party all Protected Attorneys Eyes Only Material.

15. In the event of a disclosure of Protected Attorneys Eyes Only Material to a person not authorized to have had such disclosure made to him or her under the provisions of this Protective Order, and in the event the party responsible for having made or allowed such disclosure becomes aware of such disclosure, that party must immediately inform counsel for the party whose Protected Attorneys Eyes Only Material has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party must also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Protected Attorneys Eyes Only Material is made by anyone.

16. By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

17. Pursuant to Federal Rule of Evidence ("FRE") 502(b) and Rule 26(b)(5)(B), on demand, a party must return to a producing party any material that the producing party identifies as privileged material that has inadvertently been produced in this action. The return of the documents does not eliminate the receiving party's right to challenge such designation by motion to compel or otherwise.

18. Nothing contained herein restricts the parties' use of their own records for official business or for other purposes consistent with other applicable laws and regulations.

19. Nothing contained herein restricts any party's rights to provide, discuss, show, make available, or otherwise communicate information (including documents) that the parties have obtained or will obtain through means outside this action consistent with other applicable laws, regulations, and other agreements regarding the use of the same.

20. All parties agree that Plaintiffs' Sealed Motion for Leave to Seal Declarations

and For Declarants to use a Pseudonym (DE 3, 14), should be granted, and all parties and further agree not to challenge that designation and the protections set forth in this paragraph. EXIM agrees to treat the motion, the accompanying memorandum of law, and the unredacted declarations (Plaintiffs' Protected Material) as confidential, sealed material. Defendant-Intervenor TotalEnergies EP Mozambique Area 1, Limitada (TEPMA1) agrees to treat Plaintiffs' Protected Material as outside attorneys' eyes only. TEPMA1's counsel, Latham & Watkins LLP (Latham), will disclose this Plaintiffs' Protected Material only to attorneys employed by Latham in its offices within the United States. Latham attorneys will not transmit Plaintiffs' Protected Material to any person in Mozambique or bring Plaintiffs' Protected Material to Mozambique, in hard copy or stored on a computer, cell phone, or other electronic device. Latham will only share a redacted version of the declaration from Justiça Ambiental (Ex. A to Plaintiffs' Sealed Motion for Leave to Seal Declarations and For Declarants to use a Pseudonym) with TEPMA1. The redacted version Latham will share with TEPMA1 includes the same redactions reflected in the version of the declaration that Plaintiffs have proposed be available to the public (Ex. B to Plaintiffs' Sealed Motion for Leave to Seal). Any summary, extract, paraphrase, quotation, restatement, compilation, notes, exhibit, or copy containing Plaintiffs' Protected Material, or any electronic image or database containing Protected Material, will be subject to the terms of this Plaintiffs' Protected Material provision to the same extent as the material or information from which such summary, extract, paraphrase, quotation, restatement, compilation, notes, exhibit, copy, electronic image, or database is derived. However, Latham may discuss and summarize the contents of the Conflict Declaration (Ex. C to Plaintiffs' Sealed Motion for Leave to Seal Declarations) with TEPMA1, but will not provide the declaration itself, the language of the declaration, the declarant's name, or any other

identifying information to TEPMA1, including but not limited to the information in paragraphs 1-2, 10-14, and 64, the signature block and location where the declaration was signed, and Appendix 1 and 2 to that declaration.

In addition to the foregoing restrictions, TEPMA1 agrees to treat the Plaintiffs' Protected Material as Protected Attorneys Eyes Only Material under the terms of this Protective Order.

21. This Order is without prejudice to the rights of any party to make any objection permitted by the Rules, or by any statute or other authority.

22. Any party may petition the Court for a modification of the terms of this Protective Order. The Court will have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this action.

SO ORDERED:

| | |
|---|---|
| Date | CARL J. NICHOLS<br>United States District Judge |