UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRIENDS OF THE EARTH U.S., et al.,

Plaintiffs,

v.

EXPORT-IMPORT BANK OF THE UNITED STATES, et al.,

Defendants.

Civil Action No. 25-2235 (CJN)

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL**

Defendants the Export-Import Bank of the United States ("EXIM" or the "Bank"); James Cruse, in his official capacity as Acting President and Chairman; James Burrows Jr., in his official capacity as Acting First Vice President and Vice Chairman; and Spencer Bachus III, in his official capacity as Member of the Board of Directors; through undersigned counsel, respectfully reply in further support of their motion to for leave to file certain documents under seal. See DE-27.

The D.C. Circuit's six-factor balancing test weighs in favor of sealing these documents. *See U.S. v. Hubbard,* 650 F.2d 293, 316-17 (D.C. Cir. 1980). Defendants have demonstrated that these documents are not public and that Defendants have strong interests in maintaining the confidentiality of the documents. Plaintiffs feign lack of understanding as how why the three memoranda at issue here could be considered confidential, but they do not dispute that these are internal and nonpublic documents that contain predecisional material. Moreover, Plaintiffs' conclusory and self-serving statements about a public interest in the documents do not outweigh Defendants' interest in protecting the nonpublic information in these memoranda. Defendants

have met their burden to have sealed the two Board Memoranda and the Operative Memorandum at issue here. Therefore, the motion for leave to file these memoranda under seal should be granted.

**I. Plaintiffs' Argument on Overbreadth Mischaracterizes the Nature of the Documents.**

Plaintiffs argue that Defendants seek an overbroad and "blanket seal." *See* Pls. Opp'n to Mot. to Seal (DE-51) (Pls. Opp'n.) at 2. But Plaintiffs misunderstand the nature of the documents. The documents are not ordinary business records. Rather, they are internal assessments, that include "all materials developed and presented by EXIM to the Board" and that address issues involving financing and that include confidential business information from third parties. *See* Ex. 1 Declaration of Roger I. Cohen ("Cohen Decl.) ¶¶4-5. Such confidential material is pervasive within these documents and cannot be excised without producing meaningless fragments. Courts routinely seal documents in full when the documents contain mostly nonpublic material. *See Stone v. U.S. Embassy Tokyo*, No. 19-3273 (RC), 2020 WL 5775196, at *4 (D.D.C. Sep. 28, 2020) (granting protective order where materials contained nonpublic information whose disclosure "could help wrongdoers" and had never been previously released). Plaintiffs' arguments about previously released redacted EXIM memoranda confirms—not undermines—this point. *See* Pls. Opp'n. at 3. It shows that EXIM has consistently protected such memoranda and released them only in heavily redacted form when feasible. *See* Swain Decl. Ex. 1 (DE 28-1). Accordingly, Defendant's motion to seal these documents is not overbroad, as Plaintiffs argue.

**II. The Hubbard Factors Weigh Strongly in Favor of Sealing.**

**A. There Has Been No Prior Public Access to These Documents.**

There is no dispute that the public has never had access to the three documents at issue. *See* Pls. Opp'n at 17. The absence of prior access to a document weighs in favor of continued non-disclosure. *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). Plaintiffs

point to previously disclosed "earlier Project memoranda" with some of the information contained in the three documents at issue. *See* Pls. Opp'n at 17. Those disclosures, however, do not refute Defendants' reasons for seeking to protect these three memoranda from public disclosure. Indeed, the previously disclosed documents that Plaintiffs reference in their opposition were disclosed only with extensive redactions. *See* DE 38-1 at p. 3. Because Plaintiffs do not dispute that the three documents at issue are not public, the fact that some of the information in the documents may appear in different or unrelated documents does not at all weigh in favor of denying the motion to seal.

**B. Defendants Object to Disclosure and Assert Strong Privacy and Confidentiality Interests.**

Plaintiffs argue that Defendants have failed to show any interest in the nondisclosure of the three memoranda at issue. Pls. Opp'n. at 8. But Plaintiffs' own argument concedes that Defendants have a very compelling interest in nondisclosure because Plaintiffs concede that "[t]he documents are clearly predecisional." *Id.* at 9. Plaintiffs then recite a number of decisions addressing the deliberative process privilege in the civil discovery context without ever explaining their theory that Defendants have no interest in maintaining the confidentiality of predecisional records. Indeed, Plaintiffs' argument on this point ignores the context in which Defendants seek to protect the confidentiality of these documents. Defendants are not asserting the privilege to withhold documents from an opposing party—they are explaining why these same characteristics justify sealing. Plaintiffs have not meaningfully responded to Defendants' argument in its opening motion that release of predecisional information would harm EXIM because EXIM staff would have to "prepare each memorandum with the knowledge that it could be released if requested." *See* Defs Mot. to Seal (DE-27) at 3; *see also* Cohen Decl. ¶8 (explaining that disclosure of materials containing the internal discussions could reasonably child open and frank discussion within

EXIM). That is no surprise because Courts have held that internal and deliberative communications merit sealing. *See e.g., League of Women Voters v. Frid*, No. 23-5058, 2024 WL 1739205, at *3 (D.C. Cir. Apr. 23, 2024) (affirming sealing where disclosure posed "a high possibility of prejudice to the government" and risked "chill[ing] discussions among government officials and between officials and their counsel").

Defendants have additional interests in the confidentiality of these three memoranda. The Board Memoranda and the Operative Memorandum at issue here "all include information that was identified by the provider as sensitive business confidential and/or protected under the Trade Secrets Act, 18 U.S.C. 1905." *See* Cohen Decl. ¶ 5. Disclosure of this information would undermine the Bank because the External Project Parties that provide sensitive information to the Bank must rely on the Bank to keep confidential sensitive business information or other information protected under the Trade Secrets Act. *Id.* at 7. For these same reasons, disclosure of the three memoranda would prejudice Defendants because third parties that work with EXIM rely on the Bank's ability to keep their information confidential.

**C. Hubbard Factors 1 and 6 Do Not Overcome the Strong Interests Supporting Sealing.**

Plaintiffs argue the public interest weighs in favor of access because EXIM is a government entity and is a party to this litigation. *See* Pls. Opp'n at 16. But Plaintiffs cite to no authority that holds that government involvement alone defeats sealing. Instead, the court balances the public interest against the specific countervailing interests. Here, Plaintiffs' self-serving and conclusory assertions of a "strong public interest in this information" (*id.*) do not outweigh the concrete harms of disclosing predecisional and confidential material, particularly where Plaintiffs already possess the documents. Finally, *Hubbard* Factor 6—the purpose for which the documents were introduced—also supports sealing. Plaintiffs concede that these memoranda were introduced as

exhibits to oppose a motion for a preliminary injunction, not for a briefing on the merits. Pls. Opp'n at 13. That motion for a preliminary injunction was ultimately deemed to be without merit and was denied, and the denial was affirmed by the D.C. Circuit. *See Friends of the Earth, U.S. v. Export-Import Bank of the U.S.,* No. 25-5387 –F.4th ---, 2026 WL 2409602 (D.C. Cir. Aug. 18, 2026). Defendants should not be required to disclose confidential, internal material simply because they must defend against a meritless motion for a preliminary injunction. Here, the documents were ultimately tangential to any merits determination because Plaintiffs' claims had no merit to begin with. Accordingly, these three memoranda were never going to be part of a merits determination that would ordinarily be public.

**CONCLUSION**

Each *Hubbard* factor either supports sealing or is at worst neutral. Plaintiffs' opposition fails to overcome the strong presumption in favor of protecting non-public, confidential internal analysis. Moreover, Plaintiffs suffer no prejudice, as they possess the unredacted documents. The Court should grant Defendants' motion to seal the Board Memoranda and the Operative Memorandum, subject to an attorneys'-eyes-only protective order.

Date: September 30, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Michael E. Yohannan*
MICHAEL E. YOHANNAN
PA Bar # 307575
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 809-2054
Michael.Yohannan@usdoj.gov

*Attorneys for the United States of America*